Case 7:23-cv-00045   Document 16   Filed on 12/18/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 18, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JESUS DIAZ DE LEON, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:23-cv-00045 |
| § | |
| RODOLFO SILVA REYES, § | |
| TRANSPORTES REFRIGERADOS GC § | |
| XPRESS, SA DE CV § | |
| § | |
| Defendant. | |

## ORDER AND OPINION

The Court now considers "Defendants' No Evidence Motion for Summary Judgment."[1] Plaintiff has not filed a response and the time for doing so has passed, rendering Defendants' motion unopposed by operation of this Court's Local Rule.[2] After considering the motion and relevant authorities, the Court **DENIES** Defendants' motion.[3]

**I. BACKGROUND AND PROCEDURAL HISTORY**

This is a motor vehicle and bicycle collision case. Plaintiff's original petition filed in state court on February 10, 2022, alleges that he "was properly and legally operating his bicycle when suddenly, and without warning, Defendant Reyes, driving an 18-wheeler owned and operated by Defendant GC Xpress, struck Plaintiff from behind. Plaintiff was knocked from his bicycle onto the roadway and severely injured by the loaded 18-wheeler."[4] Plaintiff brings claims of negligence against Defendant Rodolfo Silva Reyes ("Reyes"), respondeat superior liability against Defendant

---

[1] Dkt. No. 15.
[2] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 15.
[4] Dkt. No. 1-3 at 2, ¶ 9.

Transportes Refrgerados GC Xpress, sa de CV ("GC Express"), and negligent entrustment against Defendant GC Express. After lengthy service issues, and Defendants' filing of their answer in state court, Defendants removed to this Court on February 8, 2023.[5]

## II. DISCUSSION

### a. Legal Standard

Federal Rule of Civil Procedure 56(c) provides for summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing the absence of a genuine issue of material fact.[6] An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party."[7] The Court reviews the record by drawing all inferences most favorable to the party opposing the motion.[8] Once a moving party has met its burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial."[9]

Assuming no genuine issue exists as to the material facts, the Court will then decide whether the moving party shall prevail solely as a matter of law.[10] The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."[11]

---

[5] Dkt. No. 1.
[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 263 (1986).
[7] *Id.* at 261.
[8] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).
[9] FED. R. CIV. P. 56(e).
[10] *Id.*
[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### b. Analysis

Described above is the *federal* summary judgment standard. Defendants, however, are apparently of the belief that the *state* "no evidence" standard[12] applies in this Court. They are incorrect.[13]

In short, Defendants cannot win summary judgment merely by repeating that Plaintiff has "no evidence" throughout their motion. Defendants' motion for summary judgment contains no exhibits and cites no specific evidence.[14] Rather, although the federal standard does not require Defendants to *produce additional evidence* negating Plaintiff's evidence, they nevertheless "bear[] the initial responsibility of informing the district court of the basis for [their] motion, and *identifying those portions of the [record]* which [they] believe[] demonstrate the absence of a genuine issue of material fact."[15]

Defendants must present to the Court a proper summary judgment motion in order to win the relief to which they are potentially entitled. The Court will give them a second chance to do so. Should Defendants still wish to pursue summary judgment, they are **ORDERED** to file with the Court within 30 days an amended motion explaining, with specific and thorough references to the

---

[12] "After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial . . . . The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i).

[13] *See Trautmann v. Cogema Mining, Inc.*, 2007 U.S. Dist. Lexis 39387 (S.D. Tex. 2007) ("[I]t is an inescapable deduction of controlling case law that strict adherence to the federal [summary judgment] standard, and only the federal standard, is the correct approach."); *Cardner v. Home Depot U.S.A., Inc.*, 2006 U.S. Dist. Lexis 17753, 4-5 (E.D. Tex. 2006) ("A no evidence motion for summary judgment is only available in the Texas state courts . . . . Accordingly, the court will apply the appropriate federal standard to the [d]efendant's motion for summary judgment."); *Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist.*, 404 F. Supp. 2d 942, 948 (S.D. Tex. 2005) ("[T]he concept of a 'no evidence' summary judgment neither accurately describes federal law nor has any particular import in . . . federal summary judgment procedure."); *Goldberg v. Craig (In re Hydro-Action, Inc.)*, 341 B.R. 186, 194 (Bankr. E.D. Tex. 2006) ("While federal law clearly contemplates summary judgment in circumstances where there is truly no evidence of an essential element . . . the party moving for summary judgment must make some showing that evidence on an essential point is wholly lacking . . . .").

[14] *See* Dkt. No. 13.

[15] *Celotex*, 477 U.S. at 323 (emphasis added).

record, how the evidence therein fails to create genuine fact issues on essential elements of Plaintiff's claims. Should Defendants fail to do so, the case will proceed to trial.

In order to facilitate time to file an amended motion, the Court hereby **CONTINUES** the deadline to file the parties' joint pretrial order, motions in limine, and proposed jury instructions (or proposed findings of fact & conclusions of law) to **March 19, 2024** and **CONTINUES** the final pretrial and scheduling conference to **April 16, 2024 at 9 a.m.**

IT IS SO ORDERED.

DONE at McAllen, Texas, this 18th day of December 2023.

_____
Micaela Alvarez
Senior United States District Judge